UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| PETER GABIOLA, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) Case No. 20 CV 00347 |
| CITY OF CHICAGO, ILLINOIS; and | ) |
| CHICAGO POLICE OFFICER | ) |
| M. SCOTT, Star #5180; | ) |
| L. GORCZYNSKI, Star #11480; | ) |
| J GARRIDO III, Star #633; | ) |
| Defendants. | ) **JURY TRIAL DEMANDED** |

## COMPLAINT AT LAW

Now comes Plaintiff, PETER GABIOLA, ("Plaintiff"), by and through her attorneys, Jeffrey B. Granich, and makes the following complaint against Defendant CITY OF CHICAGO, ILLINOIS, ("Defendant City"), and Defendants CHICAGO POLICE OFFICERS M. SCOTT, L. GORCZYNSKI, and J. GARRIDO III ("Defendant Officers")

## JURISDICTION and VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

4. At all times relevant hereto, Plaintiff Peter Gabiola was a resident of Chicago, Illinois.

5. At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

6. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

## FACTUAL ALLEGATIONS

7. On or about January 20, 2019, while Plaintiff was working as an undercover informant for a Federal Law Enforcement Agency, specifically the ATF, Plaintiff had parked his vehicle on or about 5816 W Lawrence Ave and proceed to a nearby apartment building to obtain information in accordance with his duties as an undercover informant. Inside of his vehicle was his dog, Vera a Belgian Malinois.

8. Plaintiff had been the owner of Vera for roughly seven years, having trained her and established a strong bond and love with the animal.

9. When Plaintiff left his vehicle, he left the vehicle running with the heat on and the window cracked to ensure that his dog was in a safe environment.

10. At some point while Plaintiff was inside an apartment and away from his vehicle, Defendant Officers approached Plaintiff's vehicle, entered his vehicle and removed and confiscated his dog Vera from inside the vehicle along with other personal property. Defendant Officers then left without leaving any indication or notification that they had been there and took Plaintiff's dog.

11. A short time later and having completed his work in the nearby apartment, Plaintiff returned to his vehicle and found that his dog and some personal property was missing from the vehicle. Plaintiff immediately called 911 to report that his vehicle had been robbed and his dog had been stolen from his vehicle.

12. Following his 911 call, Defendant Officers arrived and informed Plaintiff that they had taken his dog and proceeded to violently slam Plaintiff against the vehicle, place him in handcuffs, and transfer him to the police station without just cause. Plaintiff informed Defendant Officers that he was working for the ATF and was on an assignment and that he wanted his dog returned.

13. After attacking Plaintiff and refusing to give Plaintiff his dog back, Defendant Officers proceeded to arrest Plaintiff and relocated him to the 16th District Police Station. At the police station Defendant Officers gave Plaintiff an ultimatum that he either sign over the rights to his beloved dog or get processed and arrested. Defendant Officers stated that if Plaintiff refused to sign over the rights to his dog, they would keep his dog anyway.

14. Plaintiff refused to sign over his rights to his dog.

15. Defendant Officers subsequently processed Plaintiff on criminal charges including animal abuse. Defendant Officers then falsified police documents including forging Plaintiff's signature on a document indicating that Plaintiff was giving up his property and ownership rights over his dog.

16. While at the police station, Plaintiff could hear his dog howling and crying. Plaintiff continually requested that he be able to see his dog while at the station but officers refused his request. Further, Plaintiff continually asked to use the bathroom while he was confined in an area without a bathroom but was never allowed to use a bathroom which was caused Plaintiff to urinate in the cell twice.

17. Despite Chicago Police Department policy requiring Defendant Officers to activate their Body Worn Cameras during their interaction with Plaintiff, Defendant Officers intentionally failed to activate their Body Worn Camera during their interaction with Plaintiff in order to conceal the misconduct they were committing on Plaintiff and had committed on Plaintiff by stealing his dog from his vehicle.

18. At some point while Plaintiff was in the police station Defendant Garrido arrived. At the police station Defendant Garrido, Defendant Scott and Defendant Gorczynski told Plaintiff he had a nice-looking dog.

19. Garrido owns and operates an animal shelter. Upon information and belief, Garrido obtains many of his animals in his shelter from the 16th District Chicago Police Station. Upon information and belief, Garrido obtains a benefit from running his animal shelter and obtaining animals from the 16th police station.

20. Upon information and belief, Garrido, with the knowledge, aid, and assistance of Defendant Scott and Gorczynski took possession of Plaintiff's dog Vera without lawful justification, consent, or legal authority to do so and knowing that Plaintiff did not release his ownership rights over his dog.

21. Defendant Officers purposely failed to provide any information in the police reports and police documents about the transfer of Plaintiff's dog. In fact, Defendant Officers failed to provide any report or have Plaintiff's dog evaluated for any abuse by a veterinarian at all. Defendant Officers additionally failed to inform the Cook County State's Attorney's Office as to the whereabout of Plaintiff's dog and instead mislead them and the Court to believe Plaintiff's dog was transferred to animal control.

22. Upon information and belief, Garrido after taking unlawful possession of Plaintiff's dog Vera, posted or allowed a picture of Plaintiff's dog to be posted to his animal shelter's website.

23. At no time did Defendant Officers properly inventory Plaintiff's dog, or took photographs of Plaintiff's dog, or recorded or informed where the dog was transferred.

24. Defendant Officers stole Plaintiff's dog.

25. At all times relevant hereto, Plaintiff never placed his dog at risk, never abused his dog, never relinquished his rights to his dog to the Chicago Police Department, and was obeying all laws.

26. At no time during this false arrest and unlawful search and seizure of Plaintiff, and the taking of his dog and personal property did Defendant Officers have a valid search or arrest warrant for Plaintiff or his vehicle, consent, exigent circumstances, or probable cause to believe Plaintiff had or was committing a crime.

27. At all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

28. During the course of the criminal proceedings brought against Plaintiff, a Cook County Judge entered an order allowing Plaintiff visitation with his dog. During the criminal proceedings, Plaintiff and the Court was informed that his dog was at animal control and was provided an inventory number.

29. After Plaintiff obtained an order allowing him to visit his dog, Plaintiff immediately went to animal control to visit and check on his dog's wellbeing. However, when Plaintiff arrived, he was informed that the inventory number was not valid and that his dog was never brought to animal control or evaluated by animal control as indicated to the Court.

30. To this day, Plaintiff has never been informed what happened to his dog, where his dog is located, and/or the chain of custody relating to his dog.

31. Plaintiff was found not guilty on May 30, 2019 before a Cook County Judge. During testimony, Officer Scott purposely made false statements about this incident.

32. As a result of the misconduct of Defendant Officers, Plaintiff has and continues to suffer substantial injuries, including emotional injury of being deprived of his dog Vera which he had raised and loved for roughly seven years.

### Count I – 42 U.S.C. § 1983 False Arrest

33. Plaintiff re-alleges paragraphs 1 through 15 as if fully repleaded herein.

34. On or about January 20, 2019, Plaintiff was seized and arrested without a warrant and without probable cause. This seizure and arrest was in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

35. Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him and his property, without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

36. The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

   WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks a substantial sum in punitive damages against Defendant Officers, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count II – 42 U.S.C. § 1983 Unlawful Search

36. Plaintiff re-alleges all paragraphs as if fully repleaded herein.

37. Defendant Officers searched Plaintiff's person and his property without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

38. The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful Searches.

   WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks a substantial sum in punitive damages against Defendant Officers, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count III – 42 U.S.C. § 1983 – Excessive Force

39. Plaintiff re-alleges all paragraphs as if fully repleaded herein.

40. On or about January 20, 2019, one or more Defendant Officers subjected Plaintiff to excessive force.

41. The misconduct as described in the preceding paragraphs was objectively unreasonable and was undertaken intentionally, maliciously, willfully and with reckless indifference to Plaintiff's constitutional rights.

42. As a result of the unjustified and excessive use of force Plaintiff suffered severe injuries, as well as severe pain and suffering, and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers in a fair and just amount sufficient to compensate him for the injuries he suffered and continues to suffer, plus, Plaintiff seeks a substantial sum in punitive damages against Defendant Officers, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count IV – 42 U.S.C. § 1983 – Failure to Intervene

43. Plaintiff re-alleges paragraphs as if fully repleaded herein.

44. During the constitutional violations as described above, one or more of the Defendant Officers stood by without intervening to prevent the misconduct.

45. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with willful indifference to Plaintiff's constitutional rights.

46. As a result of this failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress. These Officers had a reasonable opportunity to prevent this harm, but failed to do so.

WHEREFORE, Plaintiffs pray for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate him for the injuries he suffered and continues to suffer, plus, Plaintiff seeks a substantial sum in punitive damages against Defendant Officers, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count V – 42 U.S.C. § 1983 Conspiracy

47. Plaintiff re-alleges all paragraphs as if fully repleaded herein.

48. Defendant Officers reached an understanding, engaged in a sequence of events or course of conduct and otherwise agreed and conspired together to violate the constitutional rights of Plaintiff.

49. Each Defendant did reach this understanding and agreement and did engage in this course of conduct with the mutual purpose, objective and knowledge that it

would deprive Plaintiff of his right of due process, as guaranteed by the constitution, and illegally take permanent possession of Plaintiff's dog.

50. Additionally, said conspiracy and joint action violated Plaintiff's 14th Amendment rights, under color of law, in contravention of 42 U.S.C. § 1983.

51. Acting in furtherance of this plan and conspiracy, Defendants did commit overt acts, including the illegal arrest, seizure, detention, use of excessive force, falsifying police documents, and making false statements before a Cook County Judge, as more fully alleged in the preceding paragraphs.

52. This course of conduct by Defendant Officers described in this count was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence, and directly and proximately caused injury and harm to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate him for the injuries he suffered and continues to suffer, plus, Plaintiff seeks a substantial sum in punitive damages against Defendant Officers, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count VI—Malicious Prosecution

54. Plaintiff re-alleges all paragraphs as if fully repleaded herein.

55. Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports. This false and malicious conduct resulted in Plaintiff being charged and prosecuted for a false criminal charge.

56. Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

57. Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

58. On May 30, 2019, Plaintiff was found not guilty before a Cook County Judge on the false charges brought and continued against him by Defendant Officers.

59. As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to, severe emotional harm, and other out-of-pocket costs and other damages which will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate him for the injuries he

suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## **Count VII – Intentional Infliction of Emotional Distress**

60. Plaintiff re-alleges all paragraphs as if fully repleaded herein.

61. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

62. Defendant Officers' illegal arrest, unlawful seizure, conversion of Plaintiff's dog, and malicious prosecution of Plaintiff were committed with intentional disregard for Plaintiff's innocence, his rights, and his property ownership in his beloved dog, and amount to extreme and outrageous conduct against Plaintiff.

63. Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

64. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

 WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## **Count VIII—Conversion**

65. Plaintiff realleges all paragraphs as if fully re-pleaded herein.

66. Defendant Officers willfully interfered with Plaintiff's rights and ownership rights to his dog Vera. Defendant Officers willfully interfered by making false allegations, forging police documents, making false statements, and failing to inventory Plaintiff's dog, and failing to return Plaintiff's dog.

67. Defendant Officers' intentional and deceitful acts enabled them to permanently deprive Plaintiff of his ownership and property rights of his dog and confiscate his dog without just cause.

68. Defendant Officers' unauthorized seizure and transfer of Plaintiff's dog has caused substantial damage to Plaintiff.

 WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks

costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count IX - State Law Claims Against Defendant City
### *Respondeat Superior* and Indemnification

69. Plaintiff re-alleges all paragraphs as if fully re-pleaded herein.

70. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

71. At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## JURY DEMAND

Plaintiff, Peter Gabiola, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

                                                PETER GABIOLA,
                                                Plaintiff,

                                                By: /s/ Jeffrey B. Granich
                                                     Attorney for Plaintiff

Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd. Suite 1028
Chicago, IL 60604
(312) 939-9009
A.R.D.C. No. 6207030